IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terry L. Holmes, | ) | C/A No.: 4:24-3628-SAL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Doris O'Hara, Clerk, Florence County; | ) | |
| Alicia Richardson, Family Court Judge; and | ) | |
| James McGhee, Family Court Judge, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Terry L. Holmes ("Plaintiff"), proceeding pro se, filed this fee paid Second Amended Complaint alleging claims against Florence County Clerk Doris O'Hara and Family Court Judges Alicia Richardson and James McGhee. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Second Amended Complaint in this case without prejudice.

I.     Factual and Procedural Background

Plaintiff states he was a party to an action for divorce in Florence County family court in October 2023. ECF No. 19 at 4. Plaintiff alleges after a four-day trial Family Court Judge McGhee deliberated on various grounds set forth by Plaintiff and his opposing party. *Id*. Plaintiff claims Judge McGhee issued a final order that failed to address various motions filed by Plaintiff. *Id*. Plaintiff indicates he filed a Motion to Dismiss at the conclusion of the case that was denied by Judge McGhee. *Id.* Plaintiff states he then filed a writ of mandamus against Judge McGhee and the South Carolina Supreme Court denied the writ. *Id.*

Plaintiff alleges

> Judge McGee will and has abused judicial fairness and acted in prejudicial standard. Judge McGee has carried out the Petitioners trial with such abuse of discretion, ignoring Pleas and Objections, causing others that were found irrelevant to the matters of divorce and alimony, and operated in total congruence with the opposing party. As a result of the Judge McGee's animus against the Defendant it is clear that even the most basic rights to the Law were ignored at all phases as it related to the prejudicial judge.

*Id.* at 7. Plaintiff claims Judge McGhee utilized a witness who was discredited and "found to be a liar" and used the information provided by this witness to make a ruling "not based on facts." *Id.* Plaintiff contends the court's rulings had an immediate impact and requires an immediate intervention by a "constitutional court" to determine the constitutionality of the state law that allowed the judge to hear these complex matters wherein a person "stands to lose liberty and property by the hands of an unjust judge." *Id.* at 6–8. Plaintiff also claims the court failed by proceeding with a trial when motions were made to the court for a jury trial. *Id.* at 8. Plaintiff alleges from the start he asserted his Seventh Amendment right to a jury trial; however, he was denied this right because the family court has jurisdiction over all divorce matters. *Id*. Plaintiff alleges when the family court chose to ignore his motion to dismiss or a motion for a jury trial the court violated his substantive due process rights and the right to a jury trial. *Id*. 12. Plaintiff claims

> the Family Court Judge alone heard a case wherein he had no franchise automotive dealership expertise. The same Judge made decisions based on slander, lies, and hyperbole created by a witness that was proven to be unprofessional in the knowledge of the subject of franchise automotive industry.

*Id.* at 12–13. Plaintiff also argues his constitutional rights were violated when the court failed to give him appropriate time to obtain counsel after he received notice that his case would start within four days. *Id*. at 17. Plaintiff acknowledge that his action was pending for four years, and he had retained previous counsel, but he claims his counsel was inept and ineffective. *Id.* at 18. Plaintiff

argues because the case was deemed complex, the family court should have been required to send the case to a higher court of jurisdiction that

> was better suited to provide a jury in protecting the Petitioners Constitutional rights; the higher court could have weighed the strength of the evidence to determine what would have been allowed under the law while protecting the rights of the Petitioner for fair and equitable due process; and finally, as a result of the money and penalties involved that were more than what the Magistrate Court could legally rule over which is $7,500.00, the higher court would have had more experience in the money matters involved in the case.

*Id*. at 18–19. Plaintiff claims the court forced him to represent himself at an August 3 hearing and during his October 2023 trial that placed Plaintiff under duress. *Id*. at 19. Plaintiff says during this time both his attorney and the court threatened him with jail, which was the reason Plaintiff chose to attempt to defend himself. *Id*. Plaintiff alleges if he had legal representation, then the attorney could have assisted with the case and final judgment, made motions, and offered legal and other objections, and known when to enter information regarding hidden marital property. *Id.* Plaintiff contends he does not agree with the subject matter or personal jurisdiction of the family court, and he demands a retrial based on these due process violations under the United States Constitution. *Id.* Plaintiff claims the court was aware of this insufficiency of process and that he was not receiving notice of hearings, orders, or any other matters of the court. *Id*. at 20. Plaintiff claims he was

> forced not only to represent himself and to find out on his own of various actions of the Court which not only denied him deadlines but impaired his ability to take actions against the deadlines imposed by the Court.

*Id.* at 20.

II.   Discussion

    A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made

of the pro se complaint. Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous.[1] *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) (noting courts have "independent obligation to assess . . . subject-matter jurisdiction").

---

[1] Plaintiff is not proceeding in forma pauperis. Therefore, 28 U.S.C. § 1915(e)(2), which allows *sua sponte* dismissal of complaints that fail to state a claim, is inapplicable.

B. Analysis

1. Judicial and Quasi Judicial Immunity

Plaintiff's claims against Florence County Clerk Doris O'Hara and Family Court Judges Alicia Richardson and James McGhee concern judicial actions taken by these Defendants as it relates to Plaintiff's family court action. Therefore, these Defendants have absolute immunity from suit. It is well-settled that judges have absolute immunity and court support personnel have quasi-judicial immunity from claims arising out of their judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining a judge is entitled to absolute immunity if the judge acted in his judicial capacity and had jurisdiction over the subject matter); *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (explaining "the acts of the clerks in returning the complaint and filing fee to the plaintiffs and directing them to file in small claims court were done at judicial direction and therefore are nonmechanical functions integral to the judicial process that are entitled to absolute immunity"). Accordingly, the court does not have subject matter jurisdiction over Plaintiff's claims and Plaintiff's Second Amended Complaint is subject to summary dismissal.

2. No Jurisdiction to Review State Court Judgments

Plaintiff's claims challenging the family court rulings are not appropriately before the court. Under the *Rooker-Feldman* doctrine, this court may not review findings or rulings made by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997). The *Rooker-Feldman* doctrine extends not only to issues actually decided by a state court but also to those that are "inextricably intertwined with questions ruled upon by a state court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). A federal claim is "inextricably

intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 857–58 (4th Cir. 2001). This prohibition also includes constitutional challenges. *Curley v. Adams Creek Associates*, 409 F. App'x 678 (4th Cir. 2011).

The Supreme Court clarified the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005):

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 284; *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself.").

Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments. *Exxon*, 544 U.S. at 283; *see also* 28 U.S.C. § 1257. To the extent the claims in Plaintiff's Second Amended Complaint challenge rulings made by Family Court Judges Alicia Richardson and James McGhee, these claims should be summarily dismissed.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court dismiss the Second Amended Complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

September 25, 2024              Kaymani D. West
Florence, South Carolina        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).