IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry L. Holmes,<br><br>                              Plaintiff,<br><br>v.<br><br>Doris O'Hara, Clerk, Florence County;<br>Alicia Richardson, Family Court Judge; and<br>James McGhee, Family Court Judge,<br><br>                            Defendants. | C/A No. 4:24-cv-3628-SAL<br><br><br><br>**ORDER** |

      This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 25.] In the Report, the magistrate judge recommends summarily dismissing this matter because the defendants are entitled to immunity and because, based on the subject matter of this case, the court should abstain from deciding it. *Id.* at 5–6. Included with the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 8. On October 7, 2024, Plaintiff filed objections. [ECF No. 28.] Also pending before this court are two motions from Plaintiff—a Notice of Motion to Vacate Dispossessory Warrant Order (ECF No. 27) and a Motion for a Temporary Restraining Order (ECF No. 30). This matter is ripe for review.

**BACKGROUND AND PROCEDURAL HISTORY**

      The Report outlines the relevant facts and standards of law. [ECF No. 25 at 1–4.] This court incorporates those facts and standards in this order. To summarize, Plaintiff challenges the outcome of a divorce action in state court, alleging his constitutional rights were violated in the process. [ECF No. 19; *see also* ECF No. 25 at 1–3.]

1

The magistrate judge recommends this court summarily dismiss this case. First, the magistrate judge notes that Defendants Richardson and McGhee, both state family court judges, should be dismissed based on judicial immunity, and Defendant O'Hara is similarly entitled to quasi-judicial immunity. [ECF No. 25 at 5.] Additionally, the magistrate judge explains that this court should abstain from considering issues concerning family court rulings. *Id.* at 5–6.

Plaintiff has filed objections to the Report. [ECF No. 28.]

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific

objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The magistrate judge has recommended summary dismissal of this action based on judicial immunity and abstention. The court addresses each of these issues below.

Defendants Richardson and McGhee are entitled to judicial immunity. Judges have immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). But more than that, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). For that reason, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Id.* (citing *Pierson v. Roy*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly . . . .")). The Supreme Court has established the following limited circumstances in which judicial immunity can be overcome: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id.* (internal citations omitted). Similarly, Defendant O'Hara is entitled to quasi-

judicial immunity as to the claims alleged against her in this action. *Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) ("Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" (quoting *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993))). Thus, all of the Defendants named in Plaintiff's Second Amended Complaint are entitled to immunity.

Plaintiff does not directly address the issue of judicial and quasi-judicial immunity in his objections. But he does argue there was a lack of jurisdiction in his family court action, and he challenges the judicial authority of the person who entered the support order in his divorce action. *See* ECF No. 28. Even to the extent Plaintiff alleges some error in the divorce action, the Fourth Circuit has made clear that "the absolute immunity extended to a judge performing a judicial action is not in any way diminished even if his or her 'exercise of authority is flawed by the commission of grave procedural errors.'" *King v. Myers*, 973 F.2d 354, 357 (4th Cir. 1992) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). The operative question is "'whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him,'" not whether there was some error in the process. *Id.* Although Plaintiff claims Defendant's lacked jurisdiction, that claim lacks merit and the information and documents provided to this court by Plaintiff demonstrate that Defendants McGhee and Richardson presided over Plaintiff's divorce action as family court judges. As explained in the Report, the named Defendants are entitled to judicial and quasi-judicial immunity in this action. Accordingly, this court overrules Plaintiff's objections and finds summary dismissal appropriate.

The court further finds that, as outlined in the Report, *Rooker-Feldman* abstention is appropriate here. [ECF No. 25 at 5–6.] The *Rooker-Feldman* doctrine prohibits United States District Courts "with the exception of habeas corpus actions, from sit[ting] in direct review of state

4

court decisions." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983)). "Under the *Rooker-Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231 (4th Cir. 2013) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). That is clearly what Plaintiff seeks in this case.

Again, Plaintiff's objections do not directly tackle the issue of abstention. Nevertheless, even to the extent Plaintiff intends his complaint to raise constitutional claims and not an appeal of his divorce action, the court notes that "*Rooker-Feldman* bars not only direct review of issues actually decided by the state court, but also consideration of those claims which are 'inextricably intertwined' with state court decisions." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). Here, ruling on Plaintiff's claims would require federal review of the South Carolina state court decision or would produce a result that contradicts the result reached in the state court. *Cf. Fulmer v. South Carolina*, No. 1:22-cv-4178-MGL-JDA, 2022 WL 18135241, at *3–4 (D.S.C. Dec. 2, 2022) (finding *Rooker-Feldman* doctrine barred a complaint that "[a]t its core . . . assert[ed] that Plaintiff [was] entitled to relief because he was subject to unfair . . . support proceedings conducted in the state family court . . ."), *adopted by* No.: 1:22-4178-MGL, 2023 WL 112754 (D.S.C. Jan. 5, 2023). *Rooker-Feldman* bars this court's consideration of Plaintiff's claims.

Since the magistrate judge issued her Report, Plaintiff has filed a Notice of Motion to Vacate Dispossessory Warrant Order (ECF No. 27) and a Motion for a Temporary Restraining Order (ECF No. 30). For the reasons outlined above and in the Report, this case is subject to summary dismissal. As a result, this court dismisses those motions, as well.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 25, is adopted and incorporated. As a result, this action **SUMMARILY DISMISSED** without prejudice and without issuance and service of process. Plaintiff's Notice of Motion to Vacate Dispossessory Warrant Order (ECF No. 27) and Motion for a Temporary Restraining Order (ECF No. 30) are also **DISMISSED**.

**IT IS SO ORDERED.**

December 13, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge